[S. F. No. 13416. In Bank.—April 25, 1931.]

HARRY G. HENNINGSEN, Respondent, v. C. L. ANDERSON et al., Appellants.

McKee, Tasheira & Wahrhaftig for Appellants.

Carter & Peterson and Carter, Peterson & McDonough for Respondent.

RICHARDS, J.—This appeal is prosecuted by the defendant C. L. Anderson from a judgment in favor of the plaintiff rendered and entered in an action brought by the latter to rescind an agreement for the sale of certain shares of the capital stock of a corporation known as Oakland Steel Foundry Company, and which stock was purchased by the plaintiff from the defendant for the sum of $5,000, payable as hereinafter set forth. The agreement for the purchase of said stock was, in its inception, oral, and was entered into on or about October 13, 1927, at which time the plaintiff paid the sum of $100 on account of said agreement, giving his note for the sum of $1,000, payable on or about October 28, 1927, and agreeing to make payment of further sums within a few days thereafter, when his funds arrived from the east. On October 28, 1927, the agreement

was consummated in the form evidenced by the following receipt:

"October 28, 1927.

"The Oakland Steel Foundry Company

"Received of Harry G. Henningsen Five Thousand Dollars ($5,000.00) in payment of fifty (50) shares of stock of The Oakland Steel Foundry Co. as follows:

"Four Thousand Dollars ($4,000.00) cash and 1,000.00 (One Thousand Dollars) promissory note for six months dated October 13th, due April 13th, said stock to be held in safekeeping by Mr. Olin as collateral of payment of above note when due, Mr. Henningsen to have full voting power of said fifty (50) shares.

"(Signed)

"C. L. ANDERSON

"E. W. OLIN

"H. G. HENNINGSEN."

On or about November 15, 1927, the plaintiff gave notice of the rescission of said agreement and within a few days thereafter commenced the present action, making the defendant C. L. Anderson and The Oakland Bank, a corporation, parties thereto, the latter, however, being only a formal defendant, not concerned in the merits of this action or of this appeal. The rescission upon which the plaintiff predicates this action was based upon certain alleged grounds of misrepresentation and fraud committed by the defendant Anderson and by one E. W. Olin, his brother-in-law, whereby the plaintiff was induced to enter into and consummate the agreement for the purchase of said stock, and upon the further ground of a failure of consideration. The defendant Anderson appeared in said action and filed an answer therein, denying substantially all of the allegations of the plaintiff's complaint and later amended complaint with respect to the issues of misrepresentation and fraud and of failure of consideration. The case went to trial before the court sitting without a jury upon the issues as thus framed. Upon the submission thereof the trial court made and filed its findings of fact and conclusions of law wherein, after finding that the parties to said agreement had entered into the same and that the plaintiff had performed each and all of the acts to be by him per-

formed under the terms thereof, proceeded to set forth certain specific findings with relation to the fraud and misrepresentation on the part of the defendant Anderson and of said E. W. Olin by which the plaintiff had been induced to enter into the agreement, and further set forth the facts and circumstances in detail which had produced such a failure of consideration as would entitle the plaintiff to rescind the agreement and to procure as against the defendant Anderson a judgment cancelling and annulling the same, decreeing the return of the promissory note given by him as aforesaid, and a judgment against the said defendant for the return of the sum of $4,000 theretofore paid to him by the plaintiff on account of said agreement, and for his costs of suit. Judgment was entered accordingly and it is from such judgment that the defendant Anderson prosecutes the present appeal.

The sole ground upon which the said defendant and appellant bases his alleged right to a reversal of the judgment is that of the absence of sufficient evidence to sustain the findings and conclusions of law of the trial court and its judgment based thereon. We are unable to uphold the contention of the appellant in the foregoing regard. A brief summary of the facts attending and succeeding the entering into said agreement will suffice to support this view. The Oakland Steel Foundry Company was organized as a corporation in the early part of the year 1927. Shortly after its organization one E. W. Olin, a brother-in-law of the defendant Anderson, was induced to become an owner of considerable stock in said corporation and to assume the active management thereof. Olin was apparently a skilful and experienced mechanician, and for that reason was to be placed in sole charge of the business and affairs of the corporation. On April 22, 1927, at the time Olin assumed the active management of the affairs and business of the corporation, an escrow agreement was entered into between himself and the other stockholders thereof which provided for the pooling of the shares of stock held by these several stockholders for the period of five years, the consideration for which was stated to be that the said Olin was to devote during the said five-year period all of his time and interest in the management of the affairs and

activities of the corporation, of which he was to be given the sole and active management and control. One of the stockholders entering into said escrow agreement was the defendant C. L. Anderson, who had invested approximately the sum of $5,000 in the corporation. The corporation proceeded to do business under the management and control of Olin for the next several months with apparently a fair degree of success. In the early part of October the plaintiff came into contact with one Thomas Hill, a former friend, who was also a stockholder in said corporation, and who presently suggested to the plaintiff that he become a stockholder therein, and so far awakened his interest as to bring him into touch with Olin, who in turn suggested that the plaintiff should become the purchaser of the shares of stock therein held by his brother-in-law, Anderson. The plaintiff was thus brought in touch with Anderson, who represented to him that the corporation was in a prosperous condition under the management and control of Olin, and that his only reason for disposing of his stock was that he desired to go east. Anderson sent Henningsen back to Olin with the assurance that Olin was to remain in the active control and management of the corporation for a period of five years, which statement he assured Henningsen that Olin would verify. Henningsen thereupon went back to Olin and received the assurance from him that he intended to remain for said period of five years in the active management and conduct of the affairs of the corporation. The statements and representations of both Anderson and Olin so far impressed Henningsen as to the successful conduct of the affairs of the corporation under Olin's continued management that he was induced to enter into the agreement for the purchase of Anderson's stock, which took form in the foregoing receipt. It is to be noted that one of the clauses in the receipt is that providing that "Said stock to be held in safekeeping by Mr. Olin as collateral of payment of above note when due, Mr. Henningsen to have full voting power of said fifty (50) shares." Henningsen, in explanation of the foregoing provision in the receipt, testified that while he understood that the said stock, together with other stock of the corporation, had been placed in escrow under some form of agreement between the stockholders and Olin, he was assured that upon the purchase

by him of Anderson's stock said escrow was, by agreement among the stockholders, to be so far changed that he was to have delivery of his shares of stock, subject to their deposit in the hands of Olin as security for the payment of his note, but in such form as to assure him the full voting power of the stock. The agreement between the parties to this action was made upon October 13, 1927. The final cash payments of the plaintiff thereunder were made on the twenty-eighth day of October, 1927. On or about November 14, 1927, Olin suddenly severed his connection with the corporation, ceased to be the manager thereof, and took employment elsewhere. The evidence disclosed that for some time prior thereto he had been seeking to obtain said other position and had only remained with the corporation long enough to enable Anderson to get his money out of it. When the plaintiff learned that Olin, contrary to the assurances which both he and Anderson had given with respect to the continued loyalty and service of Olin, and when his requests for the transfer to his own name of the stock which he had thus purchased from Anderson were being evaded and were apparently not to be complied with, he gave his notice of rescission of said agreement and commenced the present action. We are of the opinion that the foregoing facts fully justified the finding of the trial court to the effect that the agreement whereby the plaintiff was induced to purchase the Anderson stock was procured by the latter through the false and fraudulent representations of himself and of his brother-in-law, Olin, and that but for the assurance, upon which the plaintiff was fully justified in relying, that Olin was to continue in the successful management and conduct of the corporation for a period of five years, he would not have invested his money therein, since the evidence shows that without the presence of Olin as the manager and conductor of the affairs and activities of said corporation its stock would be worth materially less than the amount which the plaintiff was induced to pay for it. The trial court so found, and further found that the failure of the appellant Anderson to procure a transfer of said stock into the name of the plaintiff upon the books of the corporation, which would be the only way in which he could be invested with the full voting power thereof, constituted a further failure of consideration and furnished an addi-

tional reason for the prompt rescission of the agreement. The appellant urges that he was entitled under the terms of his agreement to a reasonable time within which to make said transfer. This may be conceded, but the question as to what is a reasonable time for the performance of an act with respect to which time is not of the essence of the agreement is a question of fact to be resolved by the trial court in each particular case, and we are unable to say that the trial court in this case, having concluded, apparently, that the scheme by which Anderson, assisted by Olin, unloaded his stock in the corporation upon the plaintiff having been fraudulent in its inception, was not also justified in holding that the delay in making the transfer in question was tainted with a fraudulent evasion and was so far unreasonable as to entitle the plaintiff to a rescission of his agreement upon that ground also.

The foregoing objection being the only contention upon which the appellant relies upon this appeal, the judgment is affirmed.

Curtis, J., Preston, J., Langdon, J., Seawell, J., Shenk, J., and Waste, C. J., concurred.